## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,      )   Case No.__**PWG 2 1 CV 1 6 0 7**

                                      )

*ex rel.*                                 )

                                      )   **FILED UNDER SEAL**

**[UNDER SEAL]**                   )   PURSUANT TO 31. U.S.C. § 3730

                                      )   (False Claims Act)

           **Plaintiffs/Relator,**        )

        **-v-**                         )   **DO NOT PUT ON PACER**

                                      )   **DO NOT PLACE IN PRESS BOX**

**[UNDER SEAL]**                   )

                                      )

          **Defendants.**            )

**JUN 3 0 2021**

### <u>FILED UNDER SEAL</u>

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* TAO WANG, | ) Case No._____ 8:21-cv-01607-PWG *SEALED* ) ) |
| Plaintiffs/Relator, | ) **COMPLAINT AND JURY DEMAND** ) |
| -v- | ) ) **TO BE FILED UNDER SEAL** |
| EVERLIGHT ELECTRONICS CO., LTD, and EVERLIGHT AMERICAS, INC., | ) **PURSUANT TO 31 U.S.C. § 3730(b)(2)** ) |
| Defendants. | ) ) |

Plaintiff-Relator Tao Wang ("Relator" or "Mr. Wang"), by and through the undersigned counsel, and on behalf of the United States of America ("United States" or "Government"), hereby alleges as follows:

## I.   INTRODUCTION

1.      This is a *qui tam* action, brought by Mr. Wang on his own behalf and on behalf of the Government, against Everlight Electronics Co., Ltd. ("Everlight Electronics") and its U.S.-subsidiary Everlight Americas, Inc. ("Everlight Americas") (together, "Everlight" or "Defendants") for violating the False Claims Act, 31 U.S.C. § 3729, *et seq*. ("False Claims Act").

2.      Everlight Electronics is a publicly traded Taiwanese company (2393.TW) that manufacturers light-emitting diodes ("LEDs"). Everlight Americas is the North American Sales arm based in Texas.[1] Together, Everlight is currently the world's fifth largest LED package manufacturer, generating hundreds of millions of dollars in revenue each year.[2]

3.      Federal law requires foreign companies (like Everlight), who avail themselves of

---

[1] *Infra.* ¶ 17.

[2] *About Us.*, EVERLIGHT ELECTRONICS, *available at* https://www.everlight.com/aboutusdetail.aspx ?cseq=2&seq=5 (last visited Mar. 15, 2021); *Everlight Electronics*, WIKIPEDIA, *available at* https://en.wikipedia.org/wiki/Everlight_Electronics (last visited Mar. 15, 2021).

access to the United States' commercial market, to pay the United States duties/tariffs on goods they import into the United States. 19 U.S.C. § 1505; 19 C.F.R. § 141.1(b). Imported goods must be clearly marked with the country of origin. 19 U.S.C. § 1304. The "country of origin" means the "country of manufacture, production, or growth of any article of foreign origin entering the United States." 19 C.F.R. § 134.1(b). Further work or material added to a product in another country may change the country of origin, but only if the item is "substantially transformed"—not if the changes are minor and leave the products intact. *See* 19 C.F.R. § 134.1(b). Changing the country of origin label to a different country to evade paying duties/tariffs to the United States—a practice called "transshipping"—is illegal and is a violation of the False Claims Act.[3]

4.      From 2018 to 2020 (and upon information and belief, continuing to the present), Everlight engaged in an illegal transshipping scheme to knowingly and intentionally evade paying the United States millions of dollars in duties/tariffs for LED products imported to the United States. Everlight manufactured LED products at its facilities in the People's Republic of China

---

[3] *E.g., Three Importers to Pay Over $3 Million to Settle False Claims Act Suit Alleging Evading Customs Duties*, U.S. Dept. of Justice (Feb. 12, 2015), *available at* https://www.justice.gov/usao-mdfl/pr/three-importers-pay-over-3-million-settle-false-claims-act-suit-alleging-evaded-customs (last visited Mar. 15, 2021) (settling allegations that defendants "misrepresented that the 'country of origin' of the aluminum extrusions was Malaysia, when the goods were manufactured in [the People's Republic of China] and merely shipped through Malaysia[.]").

Transshipping fraud is a growing problem that has worsened over the past few years, as "[b]illions of dollars' worth of China-made goods subject to tariffs by the Trump administration . . . are dodging the China levies by entering the U.S. via other countries in Asia[.]" *E.g.,* Yap, Chuin-Wei, *American Tariffs on China Are Being Blunted by Trade Cheats,* WALL STREET JOURNAL (June 26, 2019), *available at* https://www.wsj.com/articles/american-tariffs-on-china-are-being-blunted-by-trade-cheats-11561546806 (last visited Mar. 15, 2021). Taiwan is a common transshipping route; the country's "exports to the U.S. . . . rose 56.3% to 4.3 billion in January-April [2019] period, nearly three times the broad export growth to the U.S. of 20%." *Id.*; *see* Jennings, Ralph, *Why Taiwan Is Benefiting the Most from the U.S.-China Trade War*, Forbes (Nov. 29, 2019), *available at* https://www.forbes.com/sites/ralphjennings/2019/11/29/why-taiwan-is-benefiting-the-most-from-the-us-china-trade-war/?sh=6edd4de51743 (last visited Mar. 15, 2021).

("China") and originally documented the LED products' country of origin as China. But rather than ship directly to the United States, Everlight transshipped the LED products to Taiwan and falsely changed the country of origin labels from China to Taiwan. Everlight did not make any substantial changes to the LED products to warrant the changed country of origin label, but nevertheless changed the label to falsely state the country of origin as Taiwan. Everlight then imported the LED products to the United States, where it knowingly misrepresented to the United States Customs and Border Protection ("Customs") that the LED products' country of origin was Taiwan, when in fact it was China.

5. The sole purpose of Everlight's transshipping scheme is to avoid paying heighted duties/tariffs to the United States for its Chinese-manufactured products. The United States for years has imposed higher duties/tariffs on imports from China than other countries—generally an additional 25% tariff on Chinese-manufactured products. By transshipping its LED products through Taiwan and changing the country of origin from China to Taiwan, Everlight is evading— and has for years evaded—paying the United States the required duties/tariffs on the Chinese-manufactured products that Everlight imported into the United States.

6. Mr. Wang discovered the fraud while employed at Everlight as Controller and Vice President of Operations for Everlight Americas, Inc. The fraud scheme was confirmed to Mr. Wang in writing by another Everlight employee, who had confirmed the "label switching" scheme via email. *See infra* Section VI (excerpts from email confirming transshipping scheme).

7. The damages incurred by the Government as a result of Everlight's fraudulent scheme are substantial. Mr. Wang estimates that from 2018 to 2020, Everlight evaded paying required duties/tariffs on approximately $20–25 million worth of LED products imported to the United States, equaling approximately $4–5 million in illegally evaded duties/tariffs for that 3-

year timeframe. Upon information and belief, the fraud continues today.

8.    Under the terms of the False Claims Act, this *qui tam* Complaint is to be filed *in camera* and under seal and is to remain under seal for a period of at least sixty (60) days and shall not be served on Defendants until the Court so orders.  The Government may elect to intervene and proceed with the action within the 60-day time frame, or within any extensions of that initial sixty-day period granted by the Court for good cause shown, after it receives both the Complaint and the material evidence submitted to it.

## II.    NATURE OF THE ACTION

9.    This is an action to recover treble damages and civil penalties arising from the fraudulent conduct of Defendants for using, making, presenting, and causing to make, use, or present false statements and claims to the Government in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq*. and applicable state law.

10.    Under the False Claims Act, a private person may bring an action in federal district court for itself and for the United States, and may share in any recovery.  31 U.S.C. § 3730(b). That private person is known as a "Relator" and the action that the Relator brings is called a *qui tam* action.  The relevant state law FCA equivalents are to similar effect.

## III.    JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction to adjudicate this action under 28 U.S.C. §§ 1331, 1345.

12.    This Court has personal jurisdiction over Everlight pursuant to 31 U.S.C. § 3732(a) because Everlight transacted business in this district and evaded the payment of duties to Customs in this district.

13.    Venue is proper in this District under 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b)

and (c) because, upon information and belief, some of the shipments of LED products at issue entered the United States' stream of commerce through a port in this district and Everlight evaded the payment of duties to Customs in this district.

## IV.    THE PARTIES

14.    Mr. Wang brings this action on behalf of the United States, including the United States Department of Commerce and the United States Customs and Border Protection, who are the agencies responsible for imposing duties on products being imported into the United States.

15.    Mr. Wang also brings this action on his own behalf, as permitted under the False Claims Act. Mr. Wang is a United States citizen who discovered Everlight's fraudulent scheme while employed with the company.  Mr. Wang has direct and independent knowledge of the information on which the allegations set forth in this Complaint are based, is the original source of these allegations, and has knowledge of how Everlight evaded, and caused other to knowingly evade, or conspired to evade duties owed to the United States.

16.    Everlight Electronics Co., Ltd. is a Taiwanese company with its principal place of business at No. 6-8, Zhonghua Rd.., Shulin Dist., New Taipei City 23860, Taiwan.

17.    Everlight Americas, Inc. is a Delaware corporation with its principal place of business at 3220 Commander Dr., Carrollton, Texas 75006. Everlight Americas, Inc. is the North American Sales arm of Everlight Electronics Co., Ltd.[4]

## V.    LEGAL FRAMEWORK

### A.    The False Claims Act

18.    The False Claims Act imposes civil liability upon any person who:

(A) knowingly presents, or causes to be presented, a false or

---

[4] *About ELA – Corporate Profile*, Everlight Americas, *available at* https://everlightamericas.com/content/4/Corporate-Profile (last visited Mar. 15, 2021).

fraudulent claim for payment or approval;

(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; [or]
. . . .

(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

31 U.S.C. § 3729(a).  The Affordable Care Act requires a person who has received an overpayment from the Government to report and return the overpayment within 60 days of identification, or the date that any corresponding cost report is due; and failure to report and return the overpayment is an obligation for purposes of the False Claims Act under 31 U.S.C. § 3729(a)(1)(G).  *See* 42 U.S.C. § 1320a-7k(d).

19.    For purposes of the FCA:

(1) the terms "knowing" and "knowingly"

(A) mean that a person, with respect to information – (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information; and

(B) require no proof of specific intent to defraud.

31 U.S.C. § 3729(b).

20.    Effective November 2, 2015 (the date of enactment of the Federal Civil Penalties Inflation Adjustment Act, Improvements Act of 2015, Public Law 114-74, sec. 701 ("2015 Amendments")), the penalties increased from a minimum-maximum per-claim penalty of $5,500 and $11,000 to $10,781 and $21,563.  The increased amounts apply to civil penalties assessed for violations occurring after November 2, 2015.  Violations that occurred on or before November 2, 2015 are subject to the previous penalty amounts.  On February 3, 2016, pursuant to the 2015

7

Amendments annual re-indexing of the FCA penalties for inflation, the civil penalties again increased to a minimum-maximum per-claim penalty of $10,957 and $21,916. On January 19, 2018, the FCA penalties were again increased to a minimum-maximum per-claim penalty of $11,181 and $22,363. In February 2019, the amounts were increased again to $11,463 and $22,927. 84 Fed. Reg. 2445, 2446 (Feb. 7, 2019). In January 2020, these amounts were again increased to $11,665 and $23,331. 15 C.F.R. § 6.3 (2020); 85 Fed. Reg. 207, 208 (Jan. 3, 2020).

**B.    Customs Duties on Foreign Imports**

21.    Importers availing themselves of access to the United States' commercial market must pay the United States duties on goods they import into the United States. 19 U.S.C. § 1505; 19 C.F.R. § 141.1(b). Imported goods must be clearly marked with the country of origin. 19 U.S.C. § 1304.

22.    Upon importation, an importer of record or a customs broker acting as the importer's agent submits to Customers a Form 7501, also known as an "Entry Summary." The Entry Summary requires the importer to identify the country of origin of the imported goods; the harmonized tariff number, which classifies the goods for Customs purposes; the total entered value, which is usually the price paid by the importer to the seller for the goods; the case number of any applicable antidumping or countervailing duty order; and the duty amount.

23.    The importer of record must be the owner or purchaser of the merchandise or a customs broker that is appropriately designated by the owner, purchaser, or consignee of the merchandise. 19 U.S.C. § 1484(a)(2)(B). Importers are required to maintain, and submit upon request, documentation supporting the statements on the Entry Summary. Such documentation includes a Commercial Invoice, a Packing List, a Country of Origin Certificate, and a Bill of Lading.

24.    The Commercial Invoice must identify the seller and the buyer, and describe the particular goods being imported, including their quantity, country of origin, and price.  19 C.F.R. § 141.86.  Importers of record are required to use reasonable care in providing truthful information to Customs for use in assessing duties.  *See* 19 U.S.C. § 1484(a)(1)(B).

25.    Guidance published by Customs in poses a series of questions to help importers ensure that they are exercising reasonable care when declaring the amount of duties owed.  For example, one of the questions is: "Have you take realiable measures to ascertain the correct country of origin for the imported merchandise?" *Reasonable Care: An Informed Compliance Publication,* U.S. Customs and Border Protection (September 2017), *available at* https://www.cbp.gov/sites/default/files/assets/documents/2018-Mar/icprescare2017revision.pdf (last visited Mar. 15, 2021). The Guidance continues to ask the following additional questions:

> Have you established reliable procedures to ensure that you report the correct country of origin on customs entry documents?  The country or origin reporting regulations include, but are not limited to, 19 C.F.R. Part 134, Subparts B and E.
>
> Have you established procedures to verify or ensure that the merchandise is properly marked upon entry with the correct country of origin (if required) in accordance with 19 U.S.C. § 1304 and any other applicable special marketing requirement. . . . ?
>
> Have you obtained a "ruling" from CBP regarding the proper marking and country of origin of merchandise . . ., and if so, have you established reliable procedures to ensure that you followed the ruling and brought it to CBP's attention?
>
> Have you consulted with a customs "expert" (e.g., an attorney, licensed customs broker, or customs consultant) regarding the correct country of origin/proper marking or your merchandise?
>
> Have you established a reliable document maintenance program or procedure to ensure you can produce any required entry documentation and supporting information, including any required certificates of origin or certifications?

(*Id.* at 11–13.)

26.    For Customs purposes, "country of origin" means the country of manufacture,

9

production, or growth of any article of foreign origin entering the United States. Further work or material added to a product in another country may change the country or origin, but only if the item is "substantially transformed"—not if the changes are minor and leave the products intact. *See* 19 C.F.R. § 134.1(b).

27.     Switching the "country of origin" label to false represent the products were manufactured in a different country is illegal. Likewise, changing the country of origin label to a different country to evade paying duties/tariffs to the United States—a practice called "transshipping"—is illegal and is a violation of the False Claims Act.[5]

## VI.    FACTUAL ALLEGATIONS

28.     From 2018 to 2020 (and upon information belief, continuing today), Everlight engaged in an illegal transshipping scheme to knowingly and intentionally evade paying the United States millions of dollars in duties/tariffs for LED products it imported to the United States. In particular, Everlight manufacturers LED products at its facilities in the People's Republic of China ("China"). Despite originally documenting the LED products' country of origin as China, Everlight transshipped the products to Taiwan and falsely changes the country of origin labels from China to Taiwan. Everlight did not make any substantial changes to the LED products to warrant the changed country of origin label, but nevertheless changed the label to falsely state the country of origin as Taiwan. Everlight then imported the LED products to the United States, where it knowingly misrepresented to the United States Customs and Border Protection ("Customs") that the products' country of origin was Taiwan, when in fact it was China.

29.     The sole purpose of Everlight's transshipping scheme is to avoid paying heighted duties/tariffs to the United States for its Chinese-manufactured products. The United States for

---

[5] *Supra* n. 3.

years has imposed higher duties/tariffs on imports from China than other countries—generally an additional 25% tariff on Chinese-manufactured products. By transshipping its LED products through Taiwan and changing the country of origin from China to Taiwan, Everlight is evading—and has for years evaded—paying the United States the required duties/tariffs on the Chinese-manufactured products that Everlight imported into the United States.

30. Mr. Wang discovered the fraud while employed at Everlight as Controller and Vice President of Operations for Everlight Americas, Inc. The fraud scheme was confirmed to Mr. Wang in writing by another Everlight employee, who had confirmed the "label switching" scheme via email.

31. In particular, on July 23, 2019, Mr. Wang emailed another Everlight employee inquiring about the estimated shipping time for two international shipments and asking about the current label switching scheme, asking: "Our lead-time increase 1 week because HQ needs to send to Taiwan to switch label from China? We don't have anything directly [s]hip from China, is that true?" The specific international shipments were:

| | | | | |
|---|---|---|---|---|
| 7627 | Arrow | 1318033 | 10 | MV59323/QT333-2GT |
| 7723 | Avnet, Inc. | 1318034 | 10 | HLMP1700/QT264-3ID/T222 |

32. In response, the Everlight employee stated: "Yes, at least one more week is needed from transportation (from SZ/ZS [i.e., Everlight's Chinese factories] back to TW [Taiwan]) & relabeling. Thanks." Mr. Wang believes that Everlight has engaged in this transshipping label switching scheme for all of its Chinese-manufactured LED products imported into the United States.

33.     The damages incurred by the Government as a result of Everlight's fraudulent scheme are substantial.  Mr. Wang estimates that from 2018 to 2020, Everlight evaded paying required duties/tariffs on approximately $20–25 million worth of LED products imported to the United States, equaling approximately $4–5 million in illegally evaded duties/tariffs for that 3-year timeframe. Upon information and belief, the fraud continues today.

**COUNT ONE**
**VIOLATION OF THE FALSE CLAIMS ACT**
**31 U.S.C. § 3729(a)(1)(A)**

34.     Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

35.     As set forth above, from 2018 to 2020 (and upon information and belief, continuing to the present), Everlight knowingly presented false or fraudulent claims for payment, or knowingly caused false or fraudulent claims for payment to be presented, to officials of the United States Government in violation of 31 U.S.C. § 3729(a)(1)(A).

36.     By virtue of the false or fraudulent claims submitted or caused to be submitted by Everlight, the United States suffered actual damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT TWO**
**VIOLATION OF THE FALSE CLAIMS ACT**
**31 U.S.C. § 3729(a)(1)(B)**

37.     Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

38.     As set forth above, from 2018 to 2020 (and upon information and belief, continuing to the present), Everlight knowingly and falsely certified that its claims for reimbursement complied with all applicable laws and regulations.

12

39.     By virtue of the false or fraudulent certifications submitted or caused to be submitted by Everlight, the United States suffered actual damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT THREE
### VIOLATION OF THE FALSE CLAIM ACT
### 31 U.S.C. 3729(a)(1)(C)

40.     Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

41.     As set forth above, from 2018 to 2020 (and upon information and belief, continuing to the present), Everlight knowingly conspired to commit a violation of the False Claims Act in violation of 31 U.S.C. §3729(a)(1)(C).

42.     By virtue of said conspiracy, the United States suffered actual damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FOUR
### VIOLATION OF THE FALSE CLAIM ACT
### 31 U.S.C. 3729(a)(1)(G)

43.     Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

44.     As set forth above, from 2018 to 2020 (and upon information and belief, continuing to the present), Everlight knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the Government, in violation of 31 U.S.C. § 3729(a)(1)(G).

13

45.    By virtue of Everlight's violations of 31 U.S.C. § 3729(a)(1)(G), the United States suffered actual damages and is therefore entitled to treble damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

### PRAYER FOR RELIEF

WHEREFORE, the Government and Relator demand that judgment be entered against Defendants and in favor of the Relator and the Government as follows:

On Count One through Count Four under the federal False Claims Act, for the amount of the United States' damages, multiplied by three as required by law, and such civil penalties as are permitted or required by law; the maximum share amount allowed pursuant to 31 U.S.C. § 3730(d) and applicable state laws; all costs and expenses of this action, including attorney fees, expenses and costs as permitted by 31 U.S.C. § 3730(d) and applicable state laws; and all such other relief as may be just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: June 29, 2021                    Respectfully submitted,

                                        /s/ Joel D. Hesch
                                        Joel D. Hesch (Md Bar 1989; D. Md. 06350)
                                        THE HESCH FIRM, LLC
                                        3540 Ridgecroft Dr.
                                        Lynchburg, Virginia  24503
                                        Phone: (434) 229-8677
                                        joel@howtoreportfraud.com

                                        Gregory M. Utter*
                                        Joseph M. Callow, Jr.*
                                        Collin L. Ryan*
                                        KEATING MUETHING & KLEKAMP PLL
                                        One East Fourth Street, Suite 1400
                                        Cincinnati, Ohio 45202
                                        Phone: (513) 579-6400
                                        Fax: (513) 579-6457
                                        gmutter@kmklaw.com
                                        jcallow@kmklaw.com
                                        cryan@kmklaw.com


                                        *Attorneys for Relator, Tao Wang*
                                        *\* Pro hac vice applications forthcoming*